[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 22, 2010
JOHN LEY
CLERK

No. 09-12017
Non-Argument Calendar

_____

Agency No. A097-957-473

MARLENE DEL SOCORRO TORRES-SANCHEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 22, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Marlene Del Socorro Torres-Sanchez, a native and citizen of Nicaragua,

seeks review of the BIA's decision, affirming the IJ's order finding her removable and denying her asylum and withholding of removal applications under the Immigration and Nationality Act ("INA") and application for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). On appeal, she argues that the harm she suffered at the hands of the Sandinistas on account of her political activities for the Nicaraguan Liberal Alliance Party amounted to past persecution and established a well-founded fear and a clear probability of future persecution, entitling her to asylum and withholding of removal relief.[1]

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's legal determinations de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We

---

[1] Torres-Sanchez does not challenge the BIA's denial of her CAT claim on appeal. Therefore, she has abandoned this claim. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

"must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1227 (quotation omitted).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has the discretion to grant asylum if the alien establishes that she meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1); Al Najjar, 257 F.3d at 1284. A "refugee" is defined in the INA as an individual who is unwilling or unable to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

The alien may establish a "well-founded fear" that a statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a statutory factor]." Al Najjar, 257 F.3d at 1287 (internal quotation marks and citation omitted) (emphasis in original). It is not enough for an asylum applicant to show that she or her alleged persecutors have a political opinion; she must show that she was persecuted "on account of" that

3

opinion.  See INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992).

To establish past persecution, the alien must prove that (1) she was persecuted, and (2) the persecution was on account of a protected ground.  Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006).   Although the term is not defined by the INA, we have held that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution."  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). Not all exceptional or unjust treatment is persecution.  See Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000).

Evidence of past persecution on account of a protected ground creates a presumption that a petitioner's life or freedom would be threatened upon return to her country, but this presumption may be rebutted if country conditions have changed  fundamentally or the person could safely relocate within the country. 8 C.F.R. § 208.16(b)(1)(I).  If a petitioner cannot show past persecution, she must demonstrate, in the alternative, a future threat to her life or freedom based on a protected ground, and show that she could not relocate to a different region of the country. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258-59 (11th Cir. 2006). An applicant's fear of persecution must be both  "subjectively genuine and

4

objectively reasonable." Al Najjar, 257 F.3d at 1289; see also 8 C.F.R. § 208.13(b)(2). If the IJ or BIA finds that the alien could avoid a future threat by relocating to another part of her country and it would be reasonable to require the alien to do so, she cannot demonstrate a well-founded fear of persecution. See 8 C.F.R. § 208.13(b)(1)-(2).

Unlike the discretionary authority to grant asylum, the Attorney General is required to grant withholding of removal to an alien who establishes that her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A). The standard for establishing eligibility for withholding of removal is higher than for asylum, so an alien who fails to establish entitlement to asylum necessarily fails to establish eligibility for withholding of removal. See Al Najjar, 257 F.3d at 1303.

Here, substantial evidence supports the conclusion that Torres-Sanchez did not suffer past persecution, because, at most, she was subject only to verbal harassment, and there is no indication that her life was threatened. Regarding a well-founded fear of future persecution, even if Torres-Sanchez had a subjective fear, her fear was not objectively reasonable because she indicated that her parents relocated within Nicaragua and have suffered no harm, despite also being members of the same political party. Additionally, there was no credible evidence that individuals were still pursuing her after more than a three-year absence from

5

Nicaragua. Moreover, the 2006 Country Report indicates that the Nicaraguan government generally respected their citizens' right to political participation, and Torres-Sanchez provided no evidence that the Sandinista-led government, since 2006, has begun targeting current or former political activists.

With respect to her withholding of removal claim, Torres-Sanchez's claim necessarily fails because she failed to meet the lower standard of proof to establish asylum.

**PETITION DENIED.**